Clark v. USDA-RHS                                                                                                              Doc. 5

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV457

| | | |
|---|---|---|
| MARTINA E. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT of | ) | |
| AGRICULTURE- RURAL HOUSING | ) | |
| SERVICE, | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action for declaratory, monetary and punitive relief. Pro se Plaintiff Martina E. Clark alleges that the defendant, the United States Department of Agriculture - Rural Housing Service, unlawfully accelerated the amount due on her Rural Housing Service loan and then filed a foreclosure and sale action against her in the state superior court.

Presently before the Court are Plaintiff Clark's request to proceed with her Complaint without having to prepay the costs associated with bringing this action (Doc. No. 2), and her request for a Temporary Restraining Order and Preliminary Injunction prohibiting further proceedings in the state superior court, namely those concerning the sale of the real property subject to forfeiture (Doc. No. 3).

First, the Court finds that Plaintiff Clark does not have sufficient resources from which to pay the costs of this action. The plaintiff's Application reports that she currently is not employed, and that she was last employed on April 17, 2005, at which time she received $576 bi-weekly. And the plaintiff does not report another source of income, or the availability of funds from any other means.

Dockets.Justia.com

Second, the Court will deny without prejudice Plaintiff Clark's application for a Temporary Restraining Order and Preliminary Injunction on the grounds that, even considering the lenity afforded pro se plaintiffs and the likelihood of any harm notwithstanding, the plaintiff has not met her burden of providing a sufficiently detailed explanation of the issues before the Court and the plaintiff's legal theory such that the Court can begin to determine the plaintiff's likelihood of success on the merits and whether there is at least a fair chance the plaintiff will prevail. For example, paragraph 12 of the Complaint alleges that:

> acceleration and foreclosure is a flagrant violation of 7 CFR 2550.211. Exhibit "B" . . . promissory note was 22 years old with a balance of $2,610.98 or less. And, per Exhibit "B" pp. 112-116 is candidate for early payoff credit before the December 2, 2015 final installment. . . .

The plaintiff, however, fails to provide evidentiary or legal support for her contention that acceleration was unlawful. The plaintiff likewise does not offer any support for her contention in paragraph 13 of the Complaint that the state superior court does not have the authority to determine whether "foreclosure should be allowed."

**THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) be **GRANTED** and the plaintiff may proceed without having to prepay the costs associated with bringing this action. It is further ordered that the plaintiff's request for a Preliminary Injunction or Temporary Restraining Order (Doc. No. 3) is **DENIED WITHOUT PREJUDICE.**

Signed: December 22, 2006

Robert J. Conrad, Jr.
Chief United States District Judge