# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv457

| | |
|---|---|
| MARTINA E. CLARK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>USDA-RHS, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss this action as frivolous, as barred by *res judicata* and pursuant to Federal Rule of Civil Procedure 12 for failure to state a claim and for lack of subject matter jurisdiction.[1]  The Plaintiff has responded.

## PROCEDURAL HISTORY

On November 3, 2006, the Plaintiff initiated this action by complaint

---

[1]Because the Court disposes of the case on other grounds, it will not address the issue of subject matter jurisdiction.

1

with numerous exhibits attached. Although the Plaintiff alleges in the complaint that she is seeking review of a final determination of the Defendant[2], issued May 18, 2006, she actually seeks relief in the form of an injunction to stop a foreclosure proceeding in state court and cancellation of the note and deed of trust which is the subject of that foreclosure.  **Complaint, filed November 3, 2006, at ¶¶II & III(1), (3).**

In the complaint and attached exhibits, it is disclosed that in 1982 the Rural Housing Service (Service) of the United States Department of Agriculture provided a loan to Eunice Brooks (Brooks), not Martina Clark (Clark), which allowed Brooks to purchase a residence in Shelby, North Carolina. Brooks defaulted on her mortgage payments and the Service entered into a Delinquency Workout Agreement with her in 2004. That agreement was cancelled in March 2005 because she continued to fail to make payments. Ultimately, the Service accelerated her loan and notified Brooks of its intent to foreclose the property.

Exhibits attached to the complaint show that Brooks and/or Clark as her "third party representative" initiated an appeals process to review the

---

[2]Although not specified, the Defendant is actually the United States Department of Agriculture, Rural Housing Service.

decision of the Service. On May 18, 2006, the National Appeals Division (NAD) issued a final agency determination finding that the Service had complied with all applicable regulations in accelerating Brooks' loan. The status of Clark as a representative is not explained within the context of the complaint and the exhibits attached thereto. In the final determination of the NAD, both Clark and Brooks were notified that no further agency appeals were available and judicial review would have to be taken in accordance with 7 U.S.C. §6999. This complaint was filed by Clark, not Brooks, on November 3, 2006, more than five months after NAD's final determination.

On March 19, 2007, the Defendant moved to dismiss the action as frivolous, as barred by *res judicata*, for lack of jurisdiction and for failure to state a claim. On May 8, 2007, the Magistrate Judge notified Clark of the burden she faced in opposing the motion to dismiss, to which she had not responded at that time. On June 18, 2007, Clark filed a *pro forma* "cross-motion for summary judgment," a "motion to vacate proceedings before" the Magistrate Judge, and a response to the motion to dismiss.

## STANDARDS OF REVIEW

"A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting *all well-pleaded allegations* in the plaintiff's complaint as true and drawing *all reasonable factual inferences* from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of [her] claim entitling [her] to relief." **De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (emphasis provided).**

Moreover, in ruling on a motion pursuant to Rule 12(b)(6), this Court may not consider matters outside the scope of the complaint without converting the motion to one for summary judgment. **Fed.R.Civ.P. 12(b)(6).** The Court will thus review the Plaintiff's complaint and the exhibits attached thereto.

Nonetheless, pleadings and transcripts which were made of record in any prior or other action filed by the Plaintiff may be considered without converting the motion to one for summary judgment. "Despite the express language of Fed.R.Civ.P. 12(b), [] '[t]he district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into

4

a motion for summary judgment." **Henson v. CSC Credit Services, 29 F.3d 280, 283 (7th Cir. 1994); accord, Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000); Sebastian v. United States, 185 F.3d 1368, 1374 (Fed.Cir. 1999); Helfrich v. Metal Container Corp., 2004 WL 1325690 \*\*2 (6th Cir. 2004); Norfolk Federation of Business Dist. v. H.U.D., 932 F.Supp. 730, 736 (E.D.Va. 1996), affirmed 103 F.3d 119 (table), 1996 WL 671293 \*\*1 (4th Cir. 1996) ("In short, a court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint.").** "[A] court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Here, [the Defendant refers to] publicly-recorded papers from prior court proceedings. They meet the public records exception and [the Court] may consider them in deciding this motion to dismiss." **Happel v. Wal-Mart Stores, Inc., 286 F.Supp.2d 943, 945 (N.D.Ill. 2003); accord, Kaempe v. Myers, 367 F.3d 958, 963 (D.C.Cir. 2004).** The undersigned will therefore consider references in the Defendant's motion to the extent that they were part of the public record in the Plaintiff's other actions filed in this Court as well as matters of public record in her state court actions.

> The Defendant has also moved to dismiss based on *res judicata*.
>
> Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. The doctrine of *res judicata* encompasses two concepts: (1) claim preclusion and (2) issue preclusion, or collateral estoppel. The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." However, issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. Issue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were "actually and necessarily determined by a court of competent jurisdiction in the first litigation." Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgment.

**Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002), citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).**

## DISCUSSION

Clark has been a prolific filer in federal court on the issue of this loan, its foreclosure and the role of state versus federal courts. In *USDA-RHS v. Brooks and Clark*, 1:06cv188, filed June 13, 2006, Clark attempted to remove the underlying state court foreclosure proceeding referenced herein

to federal court. That foreclosure is the same one at issue in this action. In dismissing that action, the District Court held:

> Clark removed this action from state court without the consent of Defendant Eunice Brooks. Removal pursuant to 28 U.S.C. §1441 requires the unanimous consent of all defendants. **Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 619 (2002), citing Chicago, RI & PR Co., v. Martin, 178 U.S. 245 (1900).** The failure of all defendants to join in the petition for removal mandates remand to state court. **Maranao Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 756 (8th Cir. 2001); Cunningham v. Bombay Productions, Inc., 309 F.Supp.2d 835 (W.Va. 2004); UniCom Systems, Inc. v. National Louis University, 262 F.Supp.2d 638 (E.D.Va. 2003).**
>
> It is also noted that the removed action was a state foreclosure action. While a qualified individual would be able to seek judicial review of the final determination of the agency involved in this action, removal of the state court foreclosure proceeding does not qualify as the initiation of an action for judicial review. Nor does the removal of a state foreclosure proceeding provide this Court with jurisdiction. **Burbage v. Richburg, 417 F.Supp.2d 746 (D.S.C. 2006).** In any event, the undersigned would remand this action because it is a foreclosure proceeding and may not be removed to federal court. **Bank of New York v. Gobbi, 21 Fed.Appx. 215, 2001 WL 1354810 (4th Cir. 2001); Saker v. National City Corp., 90 Fed.Appx. 816, 2004 WL 162558 (6th Cir. 2004); Washington Mutual Bank, F.A. v. Catuara, 313 F.Supp.2d 782 (N.D.Ill. 2004); In re Foreclosure of Deed of Trust, 2003 WL 21664204 (M.D.N.C. 2003); Luqman v. InterBay Funding LLC, 2003 WL 22594228 (E.D.Pa. 2003).**
>
> Finally, Clark claims that she is the real party in interest because Defendant Brooks deeded the property to her in 2002. Information provided in other pleadings filed by Clark shows that thereafter, the property was not titled to Clark. It is of no moment however, because the removal of a state foreclosure action is not the appropriate method of initiating judicial review of the agency determination.

**Order, filed August 11, 2006.**

Clark filed a response to the Defendant's motion to dismiss in this action to which she attached a transcript from her appeal in the foreclosure proceeding in state court. The parties do not dispute the authenticity of this transcript. **Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174, 2001 WL 691028 **1 (4th Cir. 2001), quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.").** Moreover, "[b]ecause [Clark] relies on the [state court foreclosure] in her complaint, it [is] proper for the district court to consider it in ruling on the motion to dismiss." **Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n.5 (4th Cir. 2002).** In August 2006, the state superior court denied Clark's appeal in the state foreclosure action; thus, resulting in a final adjudication against her. **Exhibit, attached to Clark's Response to Motion to Dismiss,** *supra***.** Clark's reaction was to file a "Complaint for Injunction" in the state superior court on November 17, 2006. **Exhibit, attached to Notice of Removal, filed December 22, 2006, in** *Clark v. USDA-RHS and Huffstetler, Substitute Trustee,*

**1:06cv394.** The Defendant USDA-RHS removed that action to federal court on December 22, 2006 because the relief sought in that state court matter included nullification of the promissory note and deed of trust and an injunction against the USDA-RHS. The USDA-RHS then moved to consolidate 1:06cv394[3] with this action, 3:06cv457, because the relief sought by the Plaintiff was the same in both actions. On February 23, 2007, the District Court granted the motion to consolidate and made the following ruling:

> On November 3, 2006, Clark initiated a lawsuit against the USDA-RHS making the same allegations as she made in the notice of removal in Case No. 1:06cv188. **Clark v. USDA-RHS, Civil Case No. 3:06cv457.** She filed that lawsuit in the Charlotte Division. The complaint in that action was signed only by Clark; Brooks does not appear as a party. Every document attached to complaint refers to Brooks as the borrower of the loan and owner of the real property. The only mention of Clark is in a reference to her as a "third party" in a Director Review Determination attached as Exhibit C to the complaint. Clark alleges in the complaint that she is a record owner of the property; however, no such proof is attached to the complaint. This action is pending before the Hon. Robert Conrad in the Charlotte Division.
>
> On December 22, 2006, the USDA-RHS filed a notice of removal from state court of an action Clark initiated in state court against the USDA-RHS and the foreclosure trustee. **Notice of Removal, Civil Case No. 1:06cv394.** In this complaint, Clark also alleges that she is

---

[3]The motion to consolidate erroneously refers to the case number as 1:06cv524.

a record owner of the real estate; but again, no such proof is attached. The allegations of this complaint involve the same facts as involved in the previously filed Charlotte Division action. The Court will therefore consolidate this action with the Charlotte Division case and will respectfully refer the consolidated case to the Hon. Robert Conrad.[4]

**Order, filed February 23, 2007, in Case No. 1:06cv394.**

In the pending motion to dismiss, the USDA-RHS points out that in this action, 3:06cv457, Clark continues her efforts to halt a state foreclosure proceeding in federal court. As relief sought in this action, Clark seeks the cancellation of the note and deed of trust, a declaration that the foreclosure is illegal and an injunction against the state court to prohibit any further foreclosure proceedings. However, she has litigated the same issues both here and in state court and has been adjudicated against in both cases. In the state court foreclosure, the judge found that Clark had failed to timely appeal and allowed the foreclosure to go forward. "'A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*[.]'" **Orca Yachts, 287 F.3d at 319, quoting Morris v. Jones, 329 U.S. 545, 550-51 (1947).** "*Res judicata* is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgment, whether by

---

[4]Case No. 3:06cv457 was subsequently reassigned to the undersigned.

increasing or decreasing the award or by reversing the result." **Heckert v. Dotson, 272 F.3d 253, 258 (4th Cir. 2001).** This case involves the same parties as involved in the state and previous federal court action. Although the Plaintiff alleges this action is based on review of an administrative proceeding, the actual relief which she seeks, to halt the foreclosure and cancel the note, has been previously litigated. Issue preclusion "applies when the later litigation arises from a different cause of action between the same parties." **Orca, 287 F.3d at 318 (Issues that have been "actually and necessarily determined by a court of competent jurisdiction in [earlier] litigation" between the same parties are conclusive in later actions between the same parties.); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993) (*Res judicata* barred landowners from bringing §1983 action in federal court claiming that state foreclosure action violated their due process rights.); Beaner v. United States, 2006 WL 2504304 (D.S.D. 2006) ("Plaintiffs participated in the foreclosure action and ... they had a full and fair opportunity to litigate in the foreclosure action any claims concerning the government's action in foreclosing on their real estate[.] Thus, Plaintiffs' claims in this action are barred by the doctrine of *res judicata*.").**

The Court also finds that the complaint, which seeks to enjoin a foreclosure and to cancel a note and deed of trust, does not state a claim under the Administrative Procedure Act (APA). The relief sought by Clark goes beyond the aegis of judicial review of a final determination by NAD which is governed by the APA. **7 U.S.C. §6999; 5 U.S.C. §706(2)(A).** A district court may set aside a final agency determination only where it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.*; **Payton v. U.S. Dept. Of Agriculture, 337 F.3d 1163, 1168 (10th Cir. 2003) ("The duty of a court reviewing agency action under the 'arbitrary or capricious' standard is to determine whether the agency examined the relevant evidence and articulated a rational connection between the facts found and the decision.").** Here, the NAD examined the evidence and concluded that "the review determination is consistent with applicable statutes and regulations," thus finding that the Service had complied with its regulations. **Exhibit, attached to Complaint,** *supra***.** "An agency's interpretation of its own regulations is entitled to great deference and will be rejected only if it is 'unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning.'" **Lewis v. Babbitt, 998 F.2d 880, 882 (10th Cir. 1993).** From the record submitted by Clark, NAD

addressed her challenges to the decision of the Service to refuse to reinstate the loan.  **Id.**  The relief sought by Clark here, to enjoin the foreclosure and cancel the note and deed of trust, far exceeds such review.  **Id.; Sierra Club v. Glickman, 156 F.3d 606, 618 (5th Cir. 1998) ("[T]he court conducting judicial review must require the agency to show that it has considered the relevant factors and followed the required procedures, but that, if the agency has done so, the court may not substitute its judgment on the merits for the agency's judgment.").**

Moreover, Clark has failed to provide sufficient portions of the administrative record to allow the Court to conclude that the NAD's determination was arbitrary or capricious.  **Payton, 337 F.3d at 1169; Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir. 1995) ("It is not this court's burden to hunt down the pertinent materials. ... [W]e will not reverse the district court on an inadequate record."); Friends of the Earth v. Hintz, 800 F.2d 822, 828 (9th Cir. 1986) (Review is limited to the administrative record.).**

The Court's ruling is thus two-fold.  Although Clark has disguised her claim as one for judicial review of an administrative proceeding, the only relief she seeks is to reverse and halt the state court foreclosure.

Moreover, even if this were considered a proper action for judicial review, Clark has failed to provide an adequate record and thus, this Court cannot determine that the decision of the NAD is arbitrary or capricious.

Finally, the Court finds that this is a frivolous lawsuit. "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist." **Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).**

> This standard encompasses complaints that are either legally *or* factually baseless. The statutory language dictates a high degree of deference to the discretion of district courts. A claim can be dismissed whenever a district court is "satisfied" the claim is frivolous. Moreover, the term frivolousness itself contemplates deference because "as a practical matter, it is simply not susceptible to categorical definition."

**Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).** The undersigned finds the allegations of the complaint are frivolous and that the action has been brought to harass the Defendant. Moreover, the facts, accepting them as alleged in the complaint, assert allegations which are "clearly baseless" and therefore factually frivolous. **Brown v. Briscoe, 998 F.2d 201, 203 (4th Cir. 1993), citing Denton v. Hernandez, 504 U.S. 25 (1992); see, also, White v. Gregory, 1 F.3d 267 (4th Cir. 1993).**

As previously noted, this is not Clark's first foray into federal court.

14

Having received an unfavorable disposition in *USDA-RHS v. Brooks and Clark*, 1:06cv188, Clark filed the present action in the Charlotte Division despite the fact that the real estate at issue is located in the Asheville Division. Clark is admonished that the Court takes a dim view of frivolous filings made to avoid unfavorable dispositions. Indeed, if Clark had been represented by an attorney, it is most likely that sanctions would have imposed against counsel. In light of Clark's *pro se* status, the Court will not impose sanctions at this time. Clark is hereby placed on notice that any future filings in connection with the issues involved in this action may result in the imposition of sanctions against her.

> Federal Rule of Civil Procedure 11 provides in pertinent part:
>
> By presenting to the court ... a pleading, ... an ... unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>     (2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...;
>     (3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ... .

**Fed.R.Civ.P. 11(b).**

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby **GRANTED** for the reasons stated herein and this action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Plaintiff's cross- motion for summary judgment and motion to vacate are hereby **DENIED** as moot.

Signed: October 22, 2007

Martin Reidinger
United States District Judge